AUSA: JONATHAN B. NEW (212) 637-1049

CR 12 (Rev. 6/82)

# WARRANT FOR ARREST

| United States District Court | DISTRICT<br>SOUTHERN DISTRICT OF NEW YORK |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ROBERT PETRINO, SR. | 07 MAG 0129<br>07 Mag. 0129 |
| | NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED<br>ROBERT PETRINO, SR. |
| WARRANT ISSUED ON THE BASIS OF: ☐ Order of Court<br>☐ Indictment ☐ Information X Complaint | DISTRICT OF ARREST |
| TO:<br>ANY AUTHORIZED FEDERAL LAW ENFORCEMENT OFFICER | CITY |

YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person before the United States District Court to answer to the charge(s) listed below.

### DESCRIPTION OF CHARGES

Transportation of Stolen Goods

| IN VIOLATION OF | UNITED STATES CODE TITLE<br>18 | SECTION<br>2314 |
|---|---|---|
| BAIL | OTHER CONDITIONS OF RELEASE | |

| ORDERED BY GABRIEL W. GORENSTEIN SIGNATURE OF FEDERAL JUDGE/U.S. MAGISTRATE<br>UNITED STATES MAGISTRATE JUDGE<br>SOUTHERN DISTRICT OF NEW YORK<br>SIGNATURE OF DEPUTY CLERK<br>J. MICHAEL McMAHON | DATE ORDERED<br>JAN 26 2007<br>DATE ISSUED |
|---|---|

### RETURN

This warrant was received and executed with the arrest of the above-named person.

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE EXECUTED | | |

Note: The arresting officer is directed to serve the attached copy of the charge on the defendant at the time this warrant is executed.

Approved: _____
JONATHAN B. NEW
Assistant United States Attorney

Before: THE HONORABLE GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York

07 MAG 0129

1·07M7A

- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA :

- v - :

ROBERT PETRINO, SR., :

:

Defendant. :

- - - - - - - - - - - - - - - - - - - - x

**COMPLAINT**

Violation of
18 U.S.C. § 2314

COUNTY OF OFFENSE:
NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

THOMAS P. HALLINAN, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

### COUNT ONE

2. From on or about January 18, 2007 up to and including January 25, 2007, ROBERT PETRINO, SR., the defendant, unlawfully, willfully and knowingly did transport and transfer in interstate commerce goods, wares and merchandise of the value of $5,000 and more, knowing the same to have been stolen, converted and taken by fraud, to wit, the defendant, transported to Rhode Island jewelry with a market value of $5,000 and more.

(Title 18, United States Code, Sections 2314 and 2.)

The bases for my knowledge and for the foregoing charge, are, in part, as follows:

1. I am a Special Agent with the FBI, and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal knowledge, as well as conversations with other law enforcement agents and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned

during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2. On or about January 24, 2007, the comptroller for a jewelry store (the "Jewelry Store") located on East 57th Street in Manhattan, New York contacted by telephone an FBI agent. According to that agent, the comptroller informed him that the Jewelry Store could not locate two rings that were listed on its inventory. The Jewelry Store had last conducted an inventory of its merchandise on or about January 15, 2007. The comptroller indicated that the missing rings were identified in the inventory by reference numbers F5400 and F5277, and they have a total market value of approximately $300,000.

3. On or about January 25, 2007, another agent and I visited the Jewelry Store and interviewed an employee of the Jewelry Store. The employee stated that on or about January 16, 17 or 18, between 1:00 p.m. and 4:00 p.m., she assisted a customer in the Jewelry Store who she described as having acted in a suspicious manner. Specifically, the employee informed us that the customer: (1) had been pacing; (2) had followed her into the "vault" area of the store; (3) repeatedly ignored her requests to return and sit near a display table while she retrieved items from the "vault;" and (4) repeatedly asked her to retrieve additional items of jewelry while he examined jewelry that had already been placed on a tray in front of him. The employee described the customer as a white male with a medium build in his late 40's or early 50's, standing between 5 feet 10 inches and 6 feet 1 inch, with combed-back hair. The employee stated that, among other items, she showed several different rings and earrings to that customer.

4. On or about January 25, 2007, I reviewed a digital video surveillance recording from the Jewelry Store for the date January 18, 2007. On the recording I observed a white male with a medium build in his late 40's or early 50's enter the Jewelry Store dressed in casual business attire at approximately 1:00 p.m.

5. I have reviewed a Commonwealth of Massachusetts Registry of Motor Vehicles photograph of ROBERT PETRINO, SR., the defendant. Based upon this photograph, I was able to identify PETRINO as the customer recorded on the Jewelry Store surveillance video from January 25, 2007 at approximately 1:00 p.m.

2

6. On the video surveillance recording I also observed the following:

a. At approximately 1:05 p.m., PETRINO appeared to examine with a jeweler's loop an item of jewelry that he was holding in one of his hands. PETRINO distracted the employee who was assisting him and then appeared to place the item of jewelry in his right pants pocket.

b. A few minutes later, when the employee who was assisting him momentarily turned away, PETRINO appeared to reach toward a display table to his side and then place his hand in one of his pants pockets.

c. On at least two occasions, PETRINO followed an employee into the "vault" area of the Jewelry Store, and at one point in time PETRINO stood alone by the "vault" area of the Jewelry Store while the "vault" was open.

7. I have been informed by an FBI agent in Rhode Island of the following:

a. On or about January 25, 2007, law enforcement agents in Pawtucket, Rhode Island, stopped a Silver Nissan Exterra (the "Nissan"). PETRINO was the driver and lone occupant of the Nissan.

b. PETRINO gave verbal consent to search the Nissan. Law enforcement agents found two rings and a watch in the center console of the Nissan, each wrapped separately in tissue paper. The rings had tags bearing the numbers F5400 and F5277, respectively, and one of the rings had the name of the Jewelry Store inscribed inside of it.

3

WHEREFORE, deponent prays that ROBERT PETRINO, Sr., the defendant, be imprisoned or bailed, as the case may be.

_____
THOMAS P. HALLINAN
Special Agent
Federal Bureau of Investigation

Sworn to before me this
January 25, 2007

_____
HONORABLE GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4